Bartlett, J.
—Although the facts in this case are the same in many respects as those in McCoy v. The Mayor, decided at the present term, there some material distinctions—distinctions, indeed, so important as to lead to a different result. The plaintiff brings suit to recover his salary as an excise inspector in the city of New York, for services rendered since December 15, 1880. On that day he was notified by the board of excise that he had been suspended without pay, and after that date the commissioners refused to allow him to perform any duty, although he was ready and willing to perform the same, and refused to give him any voucher or draft upon the comptroller for the payment of his salary, although there was in the city *507 treasury a sufficient sum of money derived from excise fees to pay his claim.
On January 18, 1881, a letter, addressed to the plaintiff, was prepared by the chief clerk to the board of excise, informing him that his services would no longer be required by the board, and that his removal would take effect from the date of his suspension. This appears to have been drawn up in pursuance of a resolution for the removal of the plaintiff and others previously adopted by the excise commissioners. The chief clerk testifies that he sent this letter to the plaintiff through the mail by depositing it in a lamp-post box, in the city of New York. He omits to state, however, that it was postpaid, although, perhaps, this fact might be inferred from the whole of his testimony on the subject.
At the close of the evidence on both sides the learned counsel representing the city moved the court to direct a verdict for the defendants; but the trial judge held, first, that the attempted suspension was nugatory, and could only be made effective by an actual dismissal from service, and, secondly, that there was no satisfactory evidence in the case that the notice of dismissal of January 18, 1881, was brought to the knowledge of the plaintiff; and he, therefore, directed a verdict for the plaintiff for the amount of his claim.
Assuming that the proof in behalf of the defendants was sufficient to show the deposit in the mail of a letter, postpaid and addressed to the plaintiff, notifying him of his removal, the defendants would have been entitled to go to the jury upon the question whether the plaintiff actually received this notice, or not, if they had asked the court to be allowed to do so. This was the view which we took in the McCoy Case (ante, p. 504). But in the present suit the action of the counsel to the corporation in asking the court to direct a verdict was, in effect, a submission of such questions of fact as existed in the case, if any, to the decision of the trial judge and a waiver of the right to go to the jury. Stratford v. Jones, 97 N. Y., 586-589.
The only questions in the case are whether the notice of suspension was equivalent to'a removal, and if not whether the board of excise had power to suspend the plaintiff so as to deprive him of his pay ? It seems clear that a notification to a servant that he is suspended from duty does not carry with it the implication that he is absolutely discharged from service. None of the cases cited in behalf of the appellants sustain the propbsition that the power to remove necessarily carries with it the power to suspend, and no authority to that effect has been brought to our attention. In the absence of any statute, expressly conferring it upon *508 them, we do not think the commissioners of excise possess any such power to suspend their employes as was attempted to be exercised in this case.
The judgment appealed from should be affirmed wdh costs.
Van Brunt, P. J., and Brady, J., concur.